UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH DELLA VECCHIA,

    Plaintiff,

v.                                                      CASE NO. 8:17-cv-2977-T-23AAS

ALLY FINANCIAL, INC.,

    Defendant.
_____/

## **ORDER**

Joseph Della Vecchia borrowed money from Ally Financial to buy a vehicle. After Della Vecchia defaulted on the loan, Ally allegedly called Della Vecchia more than a hundred times. Della Vecchia sues (Doc. 1) Ally under the TCPA and the FCCPA, Ally counterclaims (Doc. 12) for breach of contract and detinue, and Della Vecchia moves (Doc. 13) to dismiss the counterclaims for failure to invoke subject-matter jurisdiction.

## **DISCUSSION**

### **I. Supplemental jurisdiction**

Della Vecchia's TCPA claim invokes original jurisdiction under Section 1331, and Section 1367 permits exercising supplemental jurisdiction over a claim or counterclaim "so related to" the claim invoking original jurisdiction that the claims "form part of the same case or controversy." Although the TCPA claim and the counterclaims result generally from Della Vecchia's alleged failure to pay the loan,

the TCPA claim and the counterclaims largely require different evidence. For example, success on the TCPA claim requires proof that Ally called Della Vecchia's cell phone with an automatic telephone dialing system, which proof might require Della Vecchia to depose an Ally corporate representative familiar with the company's telephone systems — a topic unrelated to the breach-of-contract and detinue counterclaims. Even if Della Vecchia consented in the contract to a call from Ally, the contractual consent might not foreclose the TCPA claim if Della Vecchia proves a subsequent revocation of consent. In sum, the counterclaims' superficial or tangential relation to the TCPA claim fails to establish supplemental jurisdiction. *See, e.g.*, *Ramsey v. Gen. Motors Fin. Co., Inc.*, 2015 WL 6396000 (M.D. Tenn. Oct. 22, 2015) (Campbell, J.); *Ginwright v. Exeter Fin. Corp.*, 2016 WL 5867443 (D. Md. Oct. 6, 2016) (Chuang, J.); *Riazi v. Ally Financial, Inc.*, 2017 WL 4260847 (E.D. Mo. Sept. 26, 2017) (Hamilton, J.).

Even if the counterclaims invoke supplemental jurisdiction, Section 1367(c)(2) permits declining to exercise supplemental jurisdiction over a counterclaim that "substantially predominates" over the claim invoking original jurisdiction. Arguing that the typical TCPA action presents "substantial factual and legal issues," Ally asserts that the counterclaims will not "overshadow" the TCPA claim:

> As this Court is well aware, especially given the unique case management procedures this district utilizes for TCPA matters (i.e., the Track 2 designation), TCPA cases involve substantial factual and legal issues that significantly overshadow common breach of contract claims.

(Doc. 16 at 7) In fact, the typical TCPA action presents a handful of discrete questions (for example, whether the plaintiff consented to a call and whether plaintiff revoked consent), and Ally identifies no "substantial factual [or] legal issue[]" that distinguishes Della Vecchia's claim from the typical TCPA claim.[1] The counterclaims, which might devolve into a dispute about Ally's compliance with the Florida law governing the repossession and the re-sale of a vehicle, likely will predominate over the TCPA claim. *See, e.g.*, *Ginwright*, 2016 WL 5867443 at *5 ("[T]he more fact-intensive breach of contract counterclaim, which may involve analysis of whether [the defendant] followed state law requirements for repossession and resale, is likely to substantially predominate over the TCPA claim."); *Vernell v. Nuvell Cred. Co. LLC*, 2016 WL 931104 (M.D. Fla. Mar. 11, 2016) (Chappell, J.).

## II. "Set-off"

Although Section 1367 fails to confer jurisdiction over Ally's counterclaims, Ally contends that the "defensive set-off exception" permits exercising jurisdiction over the counterclaims "despite the absence of another independent jurisdictional basis."[2] (Doc. 16 at 8) But the "federal courts are courts of limited jurisdiction" and

---

[1] Also, the clerk treats a TCPA action like every other non-prisoner civil action other than a class action, an administrative review, or another action within a narrow category identified in Local Rule 3.05(b)(1). Of the 193 actions filed in the Tampa division in January 2018, the clerk designated more than 80% as track two cases. Social Security appeals, which the clerk designates as track one cases, account for the majority of the remaining cases.

[2] To support the "setoff" argument, Ally cites a footnote from a 1970 decision that states: "Apparently there is one limited exception to the rule that permissive counterclaims require an independent basis of Federal jurisdiction. Where the permissive counterclaim is in the nature of a

(continued...)

"possess only that power authorized by [the] Constitution and [federal] statute[s]." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Whether titled "counterclaims" or "defensive setoffs," the counterclaims warrant dismissal for failure to invoke subject-matter jurisdiction.

## CONCLUSION

Tangentially or superficially related to the TCPA claim, the breach-of-contract and detinue counterclaims are not "part of the same case or controversy" as the TCPA claim. Even if the counterclaims invoke supplemental jurisdiction, the counterclaims likely will predominate over the TCPA claim. The motion (Doc. 13) to dismiss the counterclaims is **GRANTED**, and the counterclaims are **DISMISSED**. Della Vecchia's motion (Doc. 17) for leave to reply to Ally's opposition is **DENIED**.

ORDERED in Tampa, Florida, on February 15, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

²(...continued)
set-off interposed merely to defeat or reduce the opposing party's claim and does not seek affirmative relief, no independent jurisdictional grounds are required." *United States v. Heyward-Robinson Co.*, 430 F.2d 1077, 1081 n.1 (2d Cir. 1970). That dicta is unpersuasive. Also, Ally cites *Ambromovage v. Untied Mine Workers of Am.*, 726 F.2d 972, 992 (3d Cir. 1984), which permits a "set-off claim" because the claim invoking original jurisdiction and the set-off claim involved the same facts. As explained in Section I, the TCPA claim and the counterclaims likely will require different evidence and argument.